[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16613
Non-Argument Calendar

_____

BIA Nos.
A79-496-194
A79-496-196

DIEGO FERNANDO BORRERO,
ADELE MELAINA LOSANO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 19, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Diego Fernando Borrero and his wife, Aidee Milena Lozano, natives and citizens of Colombia, seek review of the Board of Immigration Appeal's ("BIA") decision affirming without opinion the Immigration Judge's ("IJ") order finding them removable and denying their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).

The petitioners argue that the IJ erred in finding that Borrero was not persecuted on account of his political opinion because he was perceived to have a political opinion as a result of his upper class professional status, his refusal to join the guerrilla groups, and his support of a capitalist and technological solution to the problems of Columbian cattle farmers. Further, he argues that he belonged to a particular social group of veterinarians who helped small farmers improve their lives by increasing the fertility of their herds, and guerrillas persecuted him on that basis.

## A. Asylum

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). The IJ's factual determinations are reviewed

2

under the substantial evidence test, and we should "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. United States Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding-of-removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006), citing Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 125 S. Ct. 2245 (2005).

Substantial evidence supports the IJ's finding that Borrero and his wife did not suffer past persecution because although Borrero worked in an area controlled by guerrilla groups for almost two years, he was never physically harmed. Borrero testified that the guerrillas closely monitored him, stopped him and his wife at road blocks, and threatened him in person and over the telephone, but these incidents did not rise to the level of persecution. Substantial evidence also supports the IJ's conclusion that Borrero failed to establish a nexus between the feared harm and a

protected ground. The evidence is consistent with a finding that the guerrilla groups harassed Borrero due to his refusal to cooperate with them rather than his actual or imputed political opinion. Moreover, Borrero has not met his burden of showing that he was targeted on account of his membership in a particular social group. He claims that his social group consisted of veterinarians who wanted to improve the lives of small farmers by providing education and technical assistance. However, he has not established that this association comprises a cognizable group or that it shares an immutable characteristic.

As Borrero has not established past persecution, he is not entitled to a presumption of a well-founded fear of future persecution. Substantial evidence supports the IJ's conclusion that Borrero does not have a well-founded fear of future persecution because (1) he was never physically harmed in Colombia; (2) he returned to Colombia after he entered the United States; (3) he was not harmed when he returned to Colombia; and (4) his parents and brother live in Bogota and have not been harmed.

### B. Withholding of Removal

To qualify for withholding of removal under the INA, an alien must show that his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The evidentiary burden for withholding of

4

removal is greater than that imposed for asylum, accordingly, if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

The petitioners failed to carry their burden of establishing past persecution or a well-founded fear of future persecution, which precludes them from being granted asylum. The IJ properly found that the petitioners likewise could not satisfy the greater "more-likely-than-not" burden applicable to requests for withholding of removal.

## C. Transcript Erros

The petitioners also argue that their case should be remanded because the asylum hearing transcript contains many indiscernible words, and, therefore, it is prejudicial. The petitioners did not allege in their notice of appeal or brief to the BIA that the asylum hearing transcript was of such poor quality that it prejudiced them. They argue for the first time on appeal that the asylum hearing transcript is prejudicial. Therefore, they have failed to exhaust their administrative remedies with respect to this claim, and we lack jurisdiction to review it. "The exhaustion requirement applicable to immigration cases is found in 8 U.S.C. § 1252(d)(1), which provides that '[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.'" Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). We have "interpreted that

5

requirement to be jurisdictional, so we lack jurisdiction to consider claims that have not been raised before the BIA." Id.

Upon review of the record on appeal and consideration of the parties' briefs, se discern no reversible error. Accordingly, we deny petitioners' petition for review.

**PETITION DENIED.**