[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-13878

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 25, 2003
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-60751-CV-WPD

HARRYPERSAD SUNDAR,

Petitioner-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE,
UNITED STATES ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 25, 2003)

Before CARNES, MARCUS and SUHRHEINRICH*, Circuit Judges.

CARNES, Circuit Judge:

_____

*Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation.

Harrypersad Sundar, a citizen of Trinidad and Tobago, lived in the United States as a lawful permanent resident until his removal was ordered by an immigration judge because he had committed a crime of moral turpitude. Sundar did not appeal that removal order to the Board of Immigration Appeals, but instead did nothing for four-and-a-half years and then filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus to overturn the removal order. The district court denied the habeas petition because Sundar's failure to appeal the removal order to the BIA constituted a failure to exhaust his administrative remedies as required in 8 U.S.C. § 1252(d)(1).

In this appeal by Sundar from that denial of habeas relief we are faced with the question of whether § 1252(d)(1)'s exhaustion requirement applies in § 2241 habeas proceedings or only in direct appeals to this Court from the BIA. Concluding that it does apply in habeas proceedings, we affirm the district court's denial of the petition.

## I.

Sundar entered the United States in 1983 and was granted legal permanent resident status that same year. In 1990, he pleaded guilty in New York to burglary and was sentenced to an indeterminate sentence of not less than two years and not more than six years of imprisonment. In June 1998, Sundar traveled to Trinidad,

and upon his return to the United States, the Immigration and Naturalization Service detained him at the airport. Based on his 1990 burglary conviction, the INS issued a notice to appear, which alleged that Sundar was subject to removal from the United States because he had committed a crime of moral turpitude, pursuant to § 212(a)(2)(A)(i)(I) of the Immigration and Naturalization Act (INA), and it began removal proceedings against him.

At the hearing that resulted, the immigration judge decided Sundar was subject to removal on the charge alleged in the notice to appear. According to Sundar, the judge also ruled during the course of the hearing that because he had been convicted of an aggravated felony Sundar was not eligible for discretionary relief under INA § 212(c).[1] On August 6, 1998, the immigration judge entered a removal order. Sundar did not appeal the removal order to the BIA. On November 9, 1998 – eight years after he had been convicted of the aggravated felony that caused the removal – Sundar was finally removed from the United States.[2]

---

[1]It appears from the record that Sundar did not even apply for discretionary relief, but that fact is not essential to our decision. The immigration judge denied discretionary relief regardless of whether Sundar sought it, and his failure to appeal that denial is the pivotal fact for our decision.

[2]Thereafter, Sundar returned to the United States, and on February 25, 2002, the INS found him in the Broward County, Florida, jail where he was being detained on charges that included armed car jacking and aggravated battery with a deadly weapon. On April 23, 2002, Sundar was indicted for entering the United States after he had been removed, in violation of 8 U.S.C. § 1326. He filed a motion to dismiss that federal indictment on the ground that his 1998 removal order was invalid, a motion the district court denied. Sundar thereafter entered a conditional guilty plea, reserving his right to appeal from the denial of his motion to dismiss.

On May 30, 2002, Sundar filed a habeas petition attacking his 1998 removal. Sundar acknowledges that the immigration judge's ruling that Sundar was not eligible for discretionary relief was consistent with immigration law at the time. See In re Yeung, 21 I. & N. Dec. 610 (BIA 1996) (en banc). However, Sundar argues, INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 (2001), an intervening Supreme Court decision, abrogated the prior BIA decisional law on which the immigration judge's ruling was based. As a result, Sundar contends that he is now eligible for relief from deportation under INA § 212, and that the erroneous decision of the immigration judge violated his due process rights.

The district court disagreed. It acknowledged that the Supreme Court's St. Cyr decision establishes that Sundar should have been entitled to seek discretionary relief from deportation under INA § 212 because his aggravated felony conviction, which would have disqualified him from discretionary relief under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (IIRIRA), predated the enactment of the IIRIRA. Habeas relief was nonetheless due to be denied, the court reasoned,

---

Sundar was convicted and sentenced to a prison term of 57 months on the reentry charge, and that conviction was affirmed by this Court on March 26, 2003 (it is our case no. 02-14759). We set all of this out here because the § 1326 charge obviously was the impetus behind Sundar's belated attempt to set aside the 1998 removal order that is the target of his habeas petition in this case.

4

because Sundar's failure to appeal the immigration judge's decision to the BIA constitutes a failure to exhaust administrative remedies which precludes him from collaterally attacking the removal order in a habeas petition. Alternatively, on the merits of Sundar's due process claim, the district court decided that because the grant of relief pursuant to INA § 212 is completely discretionary, any detriment from being held ineligible for such relief is purely speculative, meaning Sundar cannot show the violation of a constitutionally protected interest.

## II.

The exhaustion requirement applicable to immigration cases is found in 8 U.S.C. § 1252(d)(1), which provides that "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." We have interpreted that requirement to be jurisdictional, so we lack jurisdiction to consider claims that have not been raised before the BIA. Fernandez-Bernal v. Attorney General, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001) (holding that because of § 1251(d)(1) we lack jurisdiction to review a claim the petitioner does not raise in his appeal to the BIA); Galindo-Del Valle v. Attorney General, 213 F.3d 594, 599 (11th Cir. 2000) (same); Asencio v. INS, 37 F.3d 614, 615-16 (11th Cir. 1994) (interpreting 8 U.S.C. § 1105a(c) (1995)[3] and holding "a

[3]8 U.S.C. § 1105a(c) (1995) was the predecessor statute to 8 U.S.C. § 1252(d)(1) and provided "[a]n order of deportation or of exclusion shall not be reviewed by any court if the alien

court lacks jurisdiction to consider a claim which has not first been presented to the Board").

Although our decisions in <u>Fernandez-Bernal</u>, <u>Galindo-Del Valle</u>, and <u>Asencio</u> were issued in circumstances where the alien had filed petitions in this Court seeking direct review of BIA decisions in removal proceedings, the Fourth Circuit held in <u>Kurfees v. INS</u>, 275 F.3d 332 (4th Cir. 2001), that the exhaustion requirement applies in habeas proceedings, too. In that case, Kurfees filed a § 2241 habeas petition challenging an order of deportation on the ground that the immigration judge had failed to establish that she was deportable. Because Kurfees had not appealed the deportation order to the BIA, she had not exhausted her administrative remedies under the then-applicable statute, 8 U.S.C. § 1105a(c) (1995), and for that reason the district court dismissed her habeas petition for lack of jurisdiction. <u>Id.</u> at 336. The Fourth Circuit affirmed, reasoning that Kurfees should not be allowed "to bypass the administrative process by bringing a habeas corpus action in the district court," <u>id.</u>, because "Congress has specifically required aliens to exhaust their administrative remedies before going into federal court." <u>Id.</u> at 337. The Court explained why it is essential that the exhaustion requirement be applied in habeas cases as well in direct review proceedings:

has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations."

> While upholding the exhaustion requirement may seem strict in an individual case, exhaustion serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency. The BIA was not given the opportunity to review the case because Kurfees neglected to appeal. The exhaustion doctrine embodies a policy of respect for administrative agencies, which allows them to carry out their responsibilities and "to discover and correct [their] own errors." A rule that allowed parties to circumvent the administrative process under the circumstances of this case would undermine agency functions and clog the courts with unnecessary petitions. The rules are clear: before proceeding to federal court, an alien must exhaust his or her administrative remedies. Kurfees failed to exhaust.

Id. at 336 (internal citation omitted).

We agree with the Fourth Circuit's reasoning in Kurfees, but we have to go beyond it in order to address Sundar's chief argument to the contrary. He argues that because § 1252(d)(1) refers to what a court "may review" (just as the predecessor § 1105a(c) referred to what shall not "be reviewed"), it applies only to direct review proceedings and not to habeas proceedings. That argument finds some support in the observation in the St. Cyr opinion, which was not addressed in the Kurfees decision, that "[i]n the immigration context, 'judicial review' and 'habeas corpus' have historically distinct meanings." St. Cyr, 533 U.S. at 311, 121 S. Ct. at 2285. Citing St. Cyr, Sundar claims that where an immigration statute places jurisdictional limits on judicial "review" of a final removal order, those restrictions do not apply to habeas review. Id. at 313-14, 121 S. Ct. at 2286-87.

Sundar reads St. Cyr too broadly. The language he relies upon from that

7

opinion arose in a materially different context. The INS asserted in <u>St. Cyr</u> that certain sections of 8 U.S.C. § 1252 (including (a)(1), (a)(2)(C), and (b)(9))[4] removed entirely from the federal courts the jurisdiction to hear habeas cases involving certain types of immigration orders, even when all administrative remedies had been exhausted. <u>Id.</u> at 310-11, 121 S. Ct. at 2285. Because such a construction would "invoke[] the outer limits of Congress' power," <u>id.</u> at 299, 121 S. Ct. at 2279, and "would raise serious constitutional problems," <u>id.</u> at 300, 121 S. Ct. at 2279, it should not be accepted, the Supreme Court explained, absent "a clear statement of congressional intent to repeal habeas jurisdiction," <u>id.</u> at 298, 121 S. Ct. at 2278. That reasoning is consistent with "the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction." <u>Id.</u>, 121 S. Ct. at 2278. The statutory references in 8 U.S.C. § 1252(a)(1), (a)(2)(C), and (b)(9) to "review" and "judicial review" were judged not to provide

_____

[4]8 U.S.C. § 1252(a)(1) provides, "Judicial review of a final order of removal (other than an order of removal without a hearing pursuant to section 1225(b)(1) of this title) is governed only by chapter 158 of Title 28, except as provided in subsection (b) of this section."

8 U.S.C. § 1252(a)(2)(C) provides, "Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain criminal offenses.

8 U.S.C. § 1252(b)(9) provides, "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."

8

the high degree of clarity required to oust federal habeas jurisdiction entirely.

But what we have here is different. The exhaustion requirement of § 1252(d)(1) is not tantamount to a complete preclusion of jurisdiction. Telling a petitioner that he must seek the remedy for an error before an administrative agency or another court prior to seeking it in a habeas proceeding is not the same thing as telling him that he may not pursue the remedy in a federal habeas proceeding in any event. Compelling a petitioner to seek review of an immigration order in the BIA before he can seek to have it set aside in a habeas proceeding is different from barring all habeas review of the order regardless of exhaustion. The difference is that between a reasonable condition precedent and an unconditional preclusion.

Section 1252(d)(1), unlike the provisions involved in St. Cyr, does not invoke the rule disfavoring the repeal of habeas jurisdiction, because it does not repeal habeas jurisdiction. It only conditions that jurisdiction and its exercise on exhaustion of remedies, a condition that serves valuable interests. See Kurfees, 275 F.3d at 336. The exhaustion requirement that results from our construction of § 1252(d)(1) does not "invoke the outer limits of Congress' power" or "raise serious constitutional problems" any more than the well-established exhaustion requirement now contained in 28 U.S.C. § 2254(b)(1) does. That is why the

exhaustion requirement of § 1252(d)(1) applies to habeas proceedings as well as to direct review proceedings.

Some courts have indicated in dicta that constitutional challenges to the INA and INS procedures and some due process claims do not require exhaustion, because the BIA does not have the power to adjudicate those claims. See, e.g., Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999); Akinwunmi v. INS, 194 F.3d 1340, 1341 (10th Cir. 1999); Mojsilovic v. INS, 156 F.3d 743, 748 (7th Cir. 1998); Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir. 1994). Those same courts, however, have held that where the claim is within the purview of the BIA which can provide a remedy, the exhaustion requirement applies with full force. See Bernal-Vallejo, 195 F.3d at 64 (ineffective assistance of counsel claim required exhaustion because BIA could hear the claim); Akinwunmi, 194 F.3d at 1341 (same); Mojsilovic, 156 F.3d at 748 (same); Rashtabadi, 23 F.3d at 1567 (claimed due process error that immigration judge failed to advise petitioner of immigration consequences of admitting deportability could be corrected by BIA).

Sundar's claim is not a constitutional challenge to the INA itself or a due process claim that could not be resolved by a BIA decision. Instead, his claim in essence is that the immigration judge in this case and the BIA in its previous decision in In re Yeung should not have interpreted IIRIRA § 348 to apply

10

retroactively to cases in which the petitioner had pleaded guilty to an aggravated felony before enactment of that provision. It was within the BIA's authority to reconsider and change its decision in In re Yeung, and in order to exhaust his administrative remedies Sundar should have asked it to do so. The decision in Engle v. Isaac, 456 U.S. 107, 130, 102 S. Ct. 1558, 1573 (1982), establishes that perceived futility is no exception to the exhaustion requirement contained in 28 U.S.C. § 2254, and it should not be an exception to the one contained in 8 U.S.C. § 1252(d)(1), either. The Supreme Court's holding in Engle that a state prisoner with a claim he wants to bring to federal court "may not bypass the state courts simply because he thinks they will be unsympathetic to the claim," was based upon the reasoning that a state court which has previously rejected an argument "may decide, upon reflection, that the contention is valid." Id. (footnote omitted).

Likewise, an alien with a claim he wants to bring in a habeas proceeding may not bypass the BIA simply because he thinks it will be unsympathetic to his claim, because the BIA may decide, upon reflection, that the contention is valid. On appeal, the BIA could have accepted Sundar's interpretation and reversed its decision in In re Yeung. If it had, the due process violation Sundar claims would have been remedied, rendering this habeas proceeding unnecessary. By failing to appeal the immigration judge's decision to the BIA, Sundar deprived it of the

11

opportunity to "discover and correct [its] own error[]." Kurfees, 275 F.3d at 336. Preventing petitioners from doing that is what the exhaustion requirement is all about. See Rashtabadi, 23 F.3d at 1567 ("[A] petitioner cannot obtain review of procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process.") (internal marks omitted). Moreover, we are dealing with a statutory exhaustion requirement, and "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825 n.6 (2001).[5]

Because Sundar did not exhaust his administrative remedies by appealing to the BIA before seeking habeas review of the immigration judge's removal order, the district court's denial of his habeas petition on that ground was proper.

AFFIRMED.

---

[5]Sundar's counsel at oral argument contended that Hoang v. Comfort, 282 F.3d 1247 (10th Cir. 2002), is a decision recognizing a futility exception to the exhaustion requirement in a habeas case. That case is different from this one, because the petitioners there were not seeking review of final removal orders. Instead, they were challenging the constitutionality of INA § 236(c), codified at 8 U.S.C. § 1226(c), which mandates detention pending administrative removal proceedings. Id. at 1253-55. Therefore, the exhaustion requirement contained in 8 U.S.C. § 1252(d)(1) was, by its plain terms ("may review a final order of removal only if"), not implicated in that case. Id. at 1254 ("With regard to immigration laws, exhaustion of remedies is statutorily required only for appeals of final orders of removal.").

12