[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14082
Non-Argument Calendar

_____

D. C. Docket No. 03-00106-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO CARLOS VALENTIN MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 29, 2005)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Eduardo Carlos Valentin Morales appeals his conviction and sentence, under

8 U.S.C. section 1326(a) and (b)(2), for illegally reentering the United States after having been deported. Valentin-Morales contends that the district court erred when it found that the underlying deportation proceeding did not violate due process. Valentin-Morales also contends that the 16-point enhancement of his sentence violated the Sixth Amendment. We affirm.

An alien may not challenge the validity of a deportation order that forms the basis of a criminal prosecution under 8 U.S.C. section 1326(a)(1) or (b) unless the alien can establish that "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). Valentin-Morales contends that his deportation hearing violated due process, because, as the United States concedes, the Immigration Judge (IJ) erroneously informed Valentin-Morales that discretionary relief from deportation was not available.

We need not resolve the difficult question of whether the error of the IJ violated due process, because we conclude that Valentin-Morales failed to exhaust the administrative remedies available to him. The record shows that the IJ, after ruling that Valentin-Morales was not eligible for any form of relief, asked

2

Valentin-Morales, "Do you accept the court's decision, or do you wish to appeal that decision, sir?" Valentin-Morales replied, "Accept." Nothing in the record indicates that Valentin-Morales's waiver of his right to appeal to the Board of Immigration Appeals (BIA) was not knowing and intelligent. Although Valentin-Morales contends that the exhaustion requirement did not apply because the IJ erroneously informed Valentin-Morales that discretionary relief was unavailable, we have previously rejected that argument in the context of a habeas corpus challenge to a deportation order. See Sundar v. I.N.S., 328 F.3d 1320, 1325-26 (11th Cir. 2003). The reasoning of Sundar applies equally here. In addition, if Valentin-Morales "wanted to re-enter the United States and to do so legally, nothing precluded him from seeking a rescission of his deportation order even after his removal from the United States." United States v. Zelaya, 293 F.3d 1294, 1297 (11th Cir. 2002). Valentin-Morales, therefore, failed to exhaust available administrative remedies. See id.

We further conclude that Valentin-Morales failed to show that he was denied the opportunity for judicial review. The IJ told Valentin-Morales of his right to appeal, and Valentin-Morales rejected the opportunity to appeal not only to the BIA but to this Court as well. Valentin-Morales, therefore, failed to show that the deportation proceedings improperly deprived him of the opportunity for judicial

review. See 8 U.S.C. § 1326(d)(2).

Valentin-Morales contends that the sentencing enhancement he received violated the Sixth Amendment under Blakely v. Washington, 542 U.S. —, 124 S. Ct. 2531 (2004), the reasoning of which the Supreme Court extended to the federal sentencing guidelines in United States v. Booker, 543 U.S. —, 125 S. Ct. 738 (2005). In his plea agreement, Valentin-Morales waived the right to appeal his sentence except in three circumstances: "(1) an upward departure from the otherwise applicable sentencing guideline range; and/or (2) the District Court's October 31, 2003 Order denying the defendant's Motions To Dismiss; and/or (3) a finding that the defendant's criminal history falls in Category VI." None of those exceptions applies here.

We have consistently held that appeal waivers are valid if knowingly and voluntarily entered. United States v. Rubbo, 396 F.3d 1330, 1331 (11th Cir. 2005). Valentin-Morales does not argue that his appeal waiver was not knowing or voluntary. Because the right to appeal a sentence based on Booker "can be waived in a plea agreement" and "[b]road waiver language covers those grounds of appeal," id. at 1335, Valentin-Morales waived his right to appeal his sentence on Booker grounds.

**AFFIRMED.**

4