[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2007
THOMAS K. KAHN
CLERK

No. 06-15435
Non-Argument Calendar

_____

BIA No. A79-682-918

RICARDO FRAZILE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 6, 2007)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Ricardo Frazile ("Frazile"), a native and citizen of Haiti,

proceeding through counsel, seeks review of the Board of Immigration Appeals's ("BIA") decision adopting and affirming the immigration judge's ("IJ") order denying his application for asylum and withholding of removal. For the first time, on appeal, Frazile also asserts that the IJ violated his due process right to a hearing and that he was entitled to relief under the doctrine of imputed political opinion.

## I.

The IJ must make an explicit credibility determination. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). In the present case, the IJ made specific adverse credibility findings, noting that she did not "find [Frazile's] testimony credible, and his testimony [was] not sufficiently detailed, consistent, or believable to provide a plausible and coherent account of the basis for his fears . . . ." The only evidence that Frazile introduced, the birth certificates, was also considered by the IJ.

Moreover, "this court may not substitute its judgment for that of the BIA with respect to credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation marks and citation omitted). An adverse credibility determination alone may be

2

the basis for denying an asylum application if the applicant produces no evidence other than his testimony. *Id.* If the applicant produces evidence then it must also be considered by the IJ. *Id.*

Frazile's internally inconsistent testimony and the discrepancies between his application and testimony are not merely incidental to his claim. Frazile's claim is premised on his need to leave Haiti immediately after participating in a demonstration in November 1999. Yet, he arrived in the United States in 2002 and could not explain what occurred during the three intervening years. He also testified to leaving Haiti in 2001 and on September 9, 2002. Additionally, he first testified that he left Haiti immediately after the demonstration and then stated that he had received medical care for three days. He also gave three different dates for when the demonstration was held. Frazile testified that he was vehemently opposed to the Artistide government, yet lacked rudimentary knowledge of Haitian politics, being unable to distinguish a department from a town or city and not understanding the duties of a senator. Additionally, the sole election in which he claimed to have voted does not appear to have occurred.

Accordingly, we conclude from the record that the IJ's credibility decision was supported by specific, cogent reasons and was based on substantial evidence. *See Forgue*, 401 F.3d at 1287.

**II.**

3

To the extent that the BIA's decision was based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation marks and citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001). When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar*, 257 F.3d at 1284. Here, because the BIA expressly adopted the IJ's decision, we review the IJ's decision.

"To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding of removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or

4

Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined in the INA as an individual who is unwilling or unable to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); *see Al Najjar*, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of [a statutory factor]." *Al Najjar*, 257 F.3d at 1287 (internal quotation marks and citation omitted) (emphasis in original).

Neither the INA nor the regulations define "persecution," but we have indicated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226,

1231 (11th Cir. 2005) (quotation marks, citation, and alteration omitted).  "Not all exceptional treatment is persecution."  *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000).  For example, menacing telephone threats do not rise to the level of past persecution.  *Sepulveda*, 401 F.3d at 1231.  Furthermore, a five-day detention during which an alien is not harmed does not compel a finding of past persecution.  *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1290 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1124 (Jan. 16, 2007).

The asylum applicant does not need to show that he will be singled out for persecution if he establishes a "pattern or practice" in his country of "persecution of a group of persons similarly situated" on account of a protected ground and a reasonable fear of persecution based on his inclusion in that group.  8 C.F.R. § 208.13(b)(2)(iii).

"If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to his country unless the INS [or DHS] shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal; or (2) that the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal, and it would be reasonable to expect him to do so."  *Mendoza*, 327 F.3d 1287.

6

An applicant may establish a "well-founded fear" by demonstrating that his fear of persecution is "subjectively genuine and objectively reasonable." *Al Najjar*, 257 F.3d at 1289.

An alien seeking withholding of removal under the INA must show that his "life or freedom would be threatened in that country because of his race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b). The alien must demonstrate that he "more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Mendoza*, 327 F.3d at 1287. We have explained that this burden of proof is "more stringent" than the burden to establish asylum eligibility. *Sepulveda*, 401 F.3d at 1232.

After reviewing the record, we conclude that substantial evidence supports the denial of relief. The only evidence introduced, the birth certificates and the country report, also support the denial of relief. The birth certificates were inconsistent with Frazile's testimony and contained no suggestion of past persecution or a well-founded fear of future persecution, and the unrefuted country report establishes that relocation was possible. *See Mendoza*, 327 F.3d at 1287. Therefore, we conclude that Frazile has not met the high burden necessary to support reversal on his asylum and withholding of removal claims. *See id.*

### III.

Generally, review of constitutional challenges is *de novo*. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003).

"The exhaustion requirement applicable to immigration cases is found in 8 U.S.C. § 1252(d)(1), which provides that '[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.'" *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003). We view that requirement as jurisdictional and, therefore, lack "jurisdiction to consider claims that have not been raised before the BIA." *Id.* Constitutional challenges and some due process claims do not require exhaustion because the BIA does not have the authority to adjudicate those claims. *Id.* at 1325. Nevertheless, where the BIA can provide a remedy to the constitutional claim, "the exhaustion requirement applies with full force." *Id.* (holding that an alien should have exhausted his due process claim that the IJ's and BIA's application of an immigration statute violated the Constitution, because "[i]t was within the BIA's authority to reconsider and change its decision").

In the present case, the record demonstrates that Frazile failed to exhaust his administrative remedies regarding whether his due process right to a hearing was violated. He raised this issue for the first time on appeal to this court and did not provide the BIA with an opportunity to provide a remedy. Thus, the exhaustion requirement applies to Frazile's due process claim and that portion of his petition

8

for review is dismissed.  *See Sundar*, 328 F.3d at 1323, 1325.  Additionally, he failed to exhaust his administrative remedies regarding whether he was entitled to relief under the doctrine of imputed political opinion.  He raised this issue for the first time on appeal to this court.  Therefore, we also dismiss that portion of his petition for review.  *See Sundar*, 328 F.3d at 1323.

**PETITION DENIED IN PART, DISMISSED IN PART.**