[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10486
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 18, 2009
THOMAS K. KAHN
CLERK

Agency No. A088-052-009

JIMMY PARRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 18, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Jimmy Parra, a citizen of Colombia, seeks review of the Board of

Immigration Appeals's ("BIA") order affirming the immigration judge's ("IJ") removal order and denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"). Although many of the details of the alleged persecution are unclear, the central event in Parra's story is that in March 2005, he was ambushed, kidnaped, and beaten by an armed group of FARC members due to his involvement with the Polo Democratico Independiente Party in Colombia.[1] Parra argues that there is a lack of substantial evidence to support the IJ's adverse credibility determination and denial of his claims. Parra also argues that the adverse credibility determination was a result of his counsel's ineffective assistance, both before and on the day of the hearing, when counsel withdrew from the representation altogether.

## I. Scope and Standard of Review

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well. Id. Here, the BIA followed the IJ's reasoning that Parra's claim was not supported by credible evidence and that his

_____

[1] The record reflects that the Revolutionary Armed Forces of Colombia ("FARC") is a guerilla organization that has engaged in the unlawful killing of civilians, journalists, religious leaders, and elected officials, in addition to displacing local populations and recruiting child soldiers in Colombia.

testimony was inconsistent with his asylum application and the addenda thereto. Accordingly, we review the decisions of the BIA and the IJ.

When evaluating a petition to review a decision by the BIA denying an application for asylum, we review findings of fact under the "substantial evidence test," and must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted). The test is deferential, and we "consider only whether there is substantial evidence for the findings made by the BIA, not whether there is substantial evidence for some other finding that could have been, but was not, made." Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (quotation omitted).

## II. Discussion

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or the Secretary of the Department of Homeland Security ("DHS") has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or,
> in the case of a person having no nationality, is outside any country in
> which such person last habitually resided, and who is unable or
> unwilling to return to, and is unable or unwilling to avail himself or
> herself of the protection of, that country because of persecution or a

3

well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving statutory "refugee" status. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. Thus, an alien cannot establish eligibility for asylum if he cannot show that any alleged past or future persecution was on account of a protected ground. See Al Najjar, 257 F.3d at 1287. In addition, "[e]stablishing a history of past persecution creates a presumption that an alien has a well-founded fear of future persecution, although that presumption can be rebutted by the government." Forgue, 401 F.3d at 1286. When a petitioner fails to "establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal." Id. at 1288 n.4.

We review credibility determinations under the substantial evidence test and "this court may not substitute its judgment for that of the BIA with respect to credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

[T]he IJ [or BIA] must offer specific, cogent reasons for an adverse

4

credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's [or BIA's] credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

Forgue, 401 F.3d at 1287 (citations and quotations omitted).

If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for relief from removal. Id. "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." However, if an applicant produces evidence other than his testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." Id.

Pursuant to the REAL ID Act of 2005 ("RIDA"), Congress has directed the immigration courts to base credibility determinations on the totality of the circumstances, which may include inaccuracies or falsehoods that do not go to the "heart of the applicant's claim." Pub. L. No. 109-13, 119 Stat. 231, § 101(a)(3). A trier of fact can support an adverse credibility determination when the petitioner omits incidents of persecution from an asylum application and then raises those incidents for the first time at the asylum hearing. Forgue, 401 F.3d at 1287. "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments."

5

Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006).

In Parra's case, there was substantial evidence to support the IJ's adverse credibility determination. The IJ found, and the BIA agreed, that were multiple inconsistencies between Parra's written statements and his testimony at the asylum hearing. Among other things, Parra failed to mention a second attempted kidnaping by FARC in his initial asylum application and subsequent written addenda. Thus, there was substantial evidence to support the denial of asylum and withholding of removal.

As to Parra's ineffective assistance of counsel claim, this court lacks jurisdiction to consider it, because Parra did not raise it before the BIA and therefore did not exhaust it. See 8 U.S.C. § 1252(d)(1); Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003); Alim v. Gonzales, 446 F.3d 1239, 1253 (11th Cir. 2006) (nothing that an alien properly exhausts his claim before the BIA by mentioning the claim in his brief and discussing its merits). If Parra wishes to bring an ineffective assistance of counsel claim, he must file a motion to reopen and comply with the requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988).[2]

---

[2] Under Lozada, Parra must provide the Board with (1) an affidavit explaining the agreement with his prior counsel regarding his legal representation; (2) evidence that prior counsel has been informed of the allegations of ineffective assistance and has been given an opportunity to respond to those allegations; and (3) either a showing that a complaint has been filed with the proper disciplinary authorities regarding prior counsel's representation, or an

**DENIED IN PART, DISMISSED IN PART.**

---

explanation of the reasons why a complaint has not been filed.  19 I. & N. Dec. at 639.