[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11306

Non-Argument Calendar

_____

ERVIN NEKAJ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A213-532-140

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Ervin Nekaj, an Albanian citizen and native, petitions for review of a Board of Immigration Appeals decision upholding the denial of his applications for asylum and withholding of removal. Nekaj alleged that he escaped political persecution in his homeland and that he had a well-founded fear of future harm if he ever returned. But the immigration judge hearing his case concluded that his testimony was not credible and that even if it had been, it did not establish that Nekaj had suffered persecution. Because these findings were supported by substantial evidence, we deny Nekaj's petition for review.

I.

Nekaj entered the United States in 2019 and was issued a notice to appear a few months later. The government's basis for removal was that Nekaj had not possessed the documentation required for entry under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Nekaj admitted that he was removable. But he also filed an application for asylum and withholding of removal based on political persecution.[1] Nekaj argued that he could not return to Albania

---

[1] Nekaj also sought (and the immigration judge denied) relief under the Convention Against Torture. He did not appeal that decision to the Board of Immigration Appeals, so we do not consider it here. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006).

because he "would be killed by members of the socialist party, and the government wouldn't do anything to protect" him.

At a hearing, Nekaj told the immigration judge that he had suffered persecution on four separate occasions because he was a member of the minority Democratic Party. First, he testified that in 2013 he attended a "large gathering" of Democratic Party members in his village. As he and his brother walked home, they were stopped by "five militants of the Socialist Party" wearing masks who told them to "stop supporting the Democratic Party" or else the militants would kill them. One militant pointed a handgun at Nekaj and his brother. The militants beat them until they fell to the ground, "kicking and punching" the brothers while insulting them and threatening their lives. Nekaj suffered "bruises, cuts, and concussions" and had his wounds treated at a hospital. Nekaj's father attempted to report the incident the following day, but "the police didn't do anything" because they were "wholeheartedly with the Socialists." Indeed, Nekaj explained that before this incident, the police had already told him "not to support the Democratic Party, not to join their protests, and [to] stay away from them."

Nekaj next testified that he and his father were attacked while returning home from a meeting in 2017. Four strangers stopped them in a park and told them "not to support the Democratic Party, not to vote for its candidates"—"not to even go to the voting station." The strangers also punched and kicked them. Nekaj did not vote in the elections held two days later

because he "believe[d] their threat was serious" and feared for his life.

The third alleged incident was Nekaj's arrest in February 2019 for participating in a "protest against the Socialist Party" in front of the prime minister's office in the capital city of Tirana. Nekaj left the protest around noon before any violence occurred, but around 10 o'clock that night three police officers came to his door, asked for him by name, handcuffed him, and took him to a police station about two hours away. The police gave no reason for the arrest. Instead they interrogated Nekaj about the protest, demanding that he tell them who had attended the protest, what its purpose was, and how it had been planned. They also physically abused Nekaj by beating him—with punches, kicks, and police batons—everywhere but on his face. After a sleepless night with no food or water, Nekaj was released. But the police warned him that he needed to stop supporting the Democratic Party, and threatened that if Nekaj "didn't cease all [his] activities, they were going to do worse" things to him.

Finally, Nekaj alleged that he was assaulted by four unknown assailants in June 2019 as he walked home from a meeting of the Democratic Party prior to the upcoming elections. One held a knife to Nekaj's throat as the group beat him repeatedly until he fell to the ground and was "bleeding profusely." As in all the other incidents, Nekaj's assailants verbally abused him, told him to stop supporting the Democratic Party, and threatened to do worse if he did not stop his political activities. After the last

incident, Nekaj no longer attended meetings of the Democratic Party.

Fearing for his life, Nekaj avoided going out in public for a few months until he was able to leave Albania altogether. In November 2019, Nekaj traveled from Europe to Mexico on a smuggler's boat and eventually crossed the border into the United States. He testified that he did not apply for asylum in the countries he passed through along the way because he always intended to stay in the United States.

The government pressed back on some of Nekaj's testimony. In particular, it asked Nekaj about a yearlong trip to Germany beginning in 2015. Nekaj responded that he went to Germany for medical care because he could receive free treatment if he reported to a refugee camp there. He emphasized that he never intended to apply for asylum in Germany and did not do so while he was there; he also said that he expressed no reluctance to the German government about returning to Albania once he received the treatment he needed.

Nekaj also called an expert witness—an academic specialist on Albania—to testify about the current political conditions in the country. The expert explained that the political system is "authoritarian" and that the current political parties use the police and the courts to strengthen themselves, with the Socialist Party currently in control.

After the hearing, the immigration judge issued an oral decision denying Nekaj's applications.  He first concluded that Nekaj's testimony was not credible, for three key reasons.  First, Nekaj had alleged that he was arrested in February 2019 after he attended a large protest in Tirana, four hours away from his home by car.  But the immigration judge found it implausible that while three friends from his hometown had also made the trip, he alone was later singled out and arrested—especially since Nekaj's expert witness had testified that the protest involved 40,000 people.

Second, Nekaj stated that his purpose in traveling to Germany in 2015 was to receive free medical treatment and that he did not request asylum.  But in his I-589 form requesting withholding of removal, Nekaj had previously written that he and his sister *did* apply for asylum in Germany and that they were forced to leave when their applications were denied.  The immigration judge found it "troubling" that Nekaj "basically testif[ied] that he was trying to game the asylum system in Germany."

Third and finally, Nekaj had also testified that he did not apply for asylum in the countries he passed through on the way to the United States because he had always intended to stay here.  But his I-589 form asserted that he did not apply for asylum in those countries because he "did not feel safe and [he] was not offered the opportunity to apply."  Beyond all these inconsistencies, the immigration judge also found that a "lack of corroboration

alone"—especially a lack of medical reports confirming Nekaj's alleged injuries—also required denial.

The immigration judge explicitly rested his decision on lack of credibility, but he went on to make alternate findings on the merits. He concluded that Nekaj had not established harm rising to the level of past persecution. Three of the four incidents alleged by Nekaj involved unknown assailants that had no apparent affiliation with the government, and each of these incidents occurred just before an election (with "no instances of harm in between"). The immigration judge therefore determined that these incidents were "election intimidation" rather than persecution. And the facts suggested that the final incident—Nekaj's arrest in February 2019—was part of a police investigation of the "violent protest" Nekaj had attended (though Nekaj testified that he left the protest before any violence occurred). Because there were "no further issues with the police in his time in Albania," the immigration judge concluded, that "isolated incident based on a violent high-profile protest in the capital" was not enough to constitute persecution.

Nor had Nekaj sufficiently alleged an objectively reasonable fear of future harm. Nekaj's expert had testified that there were "hundreds of thousands of supporters of the Democratic Party in Albania," and Nekaj's family (who were numbered among those supporters) appeared to be living relatively safe and successful lives in an area of Albania known to be a "Democratic Party stronghold." Even if Nekaj were to suffer incidents in the future

similar to those he had alleged, "isolated incidents by criminals which result[] in threats and possibly minor injuries" are not enough to rise to the level of persecution.

Nekaj appealed the immigration judge's decision.  He argued that his testimony had been credible, that no corroborating evidence was necessary, and that the immigration judge had erred in finding no past persecution or future harm.  The Board of Immigration Appeals disagreed.  It concluded that the immigration judge had "provided specific and cogent reasons for his adverse credibility finding" and that Nekaj was therefore ineligible for asylum on those grounds alone.  But like the immigration judge, the Board also considered the merits of Nekaj's petition.  After reviewing Nekaj's testimony, the Board determined that Nekaj had not established either past persecution or a reasonable fear of future harm.  And because Nekaj could not meet the burden required to prevail on an asylum claim, he "necessarily" could not meet the "higher burden required for withholding of removal." The Board therefore dismissed Nekaj's appeal.

Nekaj now petitions this Court for review of the Board's decision.

## II.

We review the decision of the Board of Immigration Appeals, along with the immigration judge's underlying decision "to the extent that the Board expressly adopted" the immigration judge's opinion. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341,

1350 (11th Cir. 2009). Legal determinations are reviewed de novo, but findings of fact are subject to substantial evidence review—a "highly deferential" standard that requires us to affirm an immigration judge's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010) (quotation omitted). "We may not reweigh the evidence from scratch, and we may reverse only when the record compels a reversal." *Id.* (quotations omitted).

## III.

On appeal, Nekaj argues that the immigration judge's credibility finding was not supported by substantial evidence and that the alternate finding that the past harm he suffered was not persecution was "infected by both factual and legal error." We are not persuaded.

As a preliminary matter, this Court lacks jurisdiction to review Nekaj's asylum claim on appeal. We have no jurisdiction to hear claims raised in a petition for review "unless the petitioner has exhausted his administrative remedies with respect thereto." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006); *see* 8 U.S.C. § 1252(d)(1). We therefore lack jurisdiction to consider claims that have not been raised before the Board of Immigration Appeals. *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003).

In issuing the order denying Nekaj's applications, the immigration judge noted that the application for asylum failed under the then-existing "third-country transit asylum bar." Its credibility and merits determinations therefore pertained only to Nekaj's claim for withholding of removal. And Nekaj appealed only those determinations to the Board of Immigration Appeals. So we may only consider his withholding-of-removal claim, not his asylum claim.

To qualify for withholding of removal, Nekaj must show that his "life or freedom would be threatened" in Albania because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). More particularly, he must show that he "more-likely-than-not would be persecuted or tortured" upon his return. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). Past persecution based on a protected characteristic creates a presumption that future harm is likely to occur. *Id.*

The immigration judge is tasked with determining whether an applicant's testimony is credible. 8 U.S.C. § 1231(b)(3)(C). Though an adverse credibility finding must be supported by "specific, cogent reasons," it "may not be overturned unless the record compels it." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (quotation omitted).

Here, the immigration judge's finding that Nekaj was not credible was supported by substantial evidence. The immigration judge explicitly stated that he found Nekaj's testimony to be not

credible, and he gave specific, cogent reasons for doing so. The most important of these was that Nekaj's testimony contradicted the information he had provided on his I-589 form. That document states that Nekaj unsuccessfully applied for asylum in Germany during his trip there in 2015 and that he failed to apply for asylum in the countries he passed through on the way to the United States because he felt unsafe and had no opportunity to do so. In his testimony, however, Nekaj claimed that he had never applied for asylum in Germany and that he did not apply in the other countries because he only intended to live in the United States. The immigration judge concluded that he "just d[id] not know what to believe" and did not find Nekaj credible as a result. He also pointed to implausible aspects of Nekaj's alleged arrest in February 2019 and the conspicuous lack of corroboration for Nekaj's claims. Taken together, the immigration judge concluded that these inconsistencies went "to the heart of [Nekaj's] claim."

Particularly given the facial contradictions between Nekaj's testimony and his I-589 form, this record does not compel us to reverse the district court's determination.[2] That alone is enough to deny Nekaj's petition for review. Because Nekaj could not prevail on the merits even if we were to overturn the adverse

---

[2] Indeed, this Court has accepted an adverse credibility determination based on a single inconsistency and a single omission. *See Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240–41 (11th Cir. 2010). While each inquiry is fact-specific, the immigration judge here made specific findings that clearly satisfy our standard.

credibility finding, however, we briefly address those merits here as well.

Nekaj argues that the Board of Immigration Appeals erred in finding that he had failed to establish harm sufficient to constitute past persecution. In his view, the Board minimized crucial factual details and cited to inapposite precedents. In particular, he accuses the Board of attempting to "disaggregate the relevant events into a string of isolated or non-condonable (but benign) incidents" when they must in fairness be considered together.

As we have explained, persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Murugan v. U.S. Att'y Gen.*, 10 F.4th 1185, 1192 (11th Cir. 2021) (quotation omitted). Examples of persecution include threats and attacks over an 18-month period, including an attack resulting in a broken nose; repeated death threats and assaults followed by an 18-day kidnapping; and a series of "beatings, arrests, searches, and interrogations, culminating in a fifteen-day, food-deprived detention." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1008 (11th Cir. 2008) (collecting cases).

Neither the immigration judge nor the Board of Immigration Appeals erred in finding that Nekaj was unable to meet that high standard. Nekaj described three instances in which groups of socialists beat him, insulted him, and left him with minor to moderate injuries. But as the Board and the immigration judge both noted, these incidents were separated by years of relative calm

and appeared to be "isolated incidents within the context of generalized election-related violence and intimidation, rather than a sustained effort to persecute" Nekaj in particular. And the February 2019 arrest—"a brief detention and minor physical abuse after [Nekaj] attended a violent protest"—does not transform Nekaj's unfortunate experiences into persecution. As this court has repeatedly explained, "minor physical abuse and brief detentions" are simply not enough.[3] *Murugan*, 10 F.4th at 1192 (quoting *Kazemzadeh*, 577 F.3d at 1353 (brackets omitted)). Nekaj has alleged nothing more than that.

Even when Nekaj's allegations are considered in the aggregate, substantial evidence supports the conclusion that those harms—a single bad encounter with the police during the investigation of a violent protest, plus three instances of sporadic voter intimidation over several years—do not amount to persecution. So even if we could accept his testimony as credible, we must deny his petition.

---

[3] Nekaj's alleged harms are not as egregious as some others that have failed to qualify as persecution. For example, this Court recently concluded that being detained by the police "three times and, during the longer 4-day detention, [being] tied to a chair, slapped, and kicked," while "serious" harm, did not qualify as persecution. *Murugan*, 10 F.4th at 1192–93.

★    ★    ★

The decisions of the Board of Immigration Appeals and the immigration judge were supported by substantial evidence. We therefore **DENY** Nekaj's petition for review.