[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 9, 2008
THOMAS K. KAHN
CLERK

----------------------------------------

No. 07-14251
Non-Argument Calendar

----------------------------------------

Agency No. A14-543-512

ROBERTO BOBBY VILLALBA,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

----------------------------------------
Petition for Review of a Decision
of the Board of Immigration Appeals
----------------------------------------

**(December 9, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Roberto Villalba ("Petitioner") petitions for review of the Board of

Immigration Appeals' ("BIA") affirmance of the immigration judge's ("IJ")

finding that Petitioner is not a United States citizen and is therefore removable as an alien convicted of two or more crimes of moral turpitude. Petitioner contends that he is not subject to removal because he derives United States citizenship from his biological father. He also contends that video-telephonic removal hearings and an inaccurate INS I-213 form violated his right to due process. Because no reversible error exists, we deny the petition. We dismiss Petitioner's due-process claims because he has not exhausted his administrative remedies.

In 2006, the Department of Homeland Security ("DHS") served Petitioner with a notice to appear, alleging that he was removable under Immigration and Nationality Act ("INA") § 237(a)(2)(ii), 8 U.S.C. § 1227(a)(2)(ii), and INA § 237(a)(2)(iii), 8 U.S.C. § 1227(a)(2)(iii). Petitioner, who DHS believed to be a citizen of Panama, had been convicted of two or more crimes of moral turpitude: sexual offense against a minor -- an aggravated felony -- and embezzlement.

At his removal hearing, Petitioner -- incarcerated at the time -- appeared pro se via a video-telephone and argued that he satisfied U.S. citizenship requirements

under 8 U.S.C. § 1403(b),[1] INA § 303(b), because (1) his father was a U.S. citizen who served in the U.S. military, and (2) his mother was a U.S. citizen.

The IJ found that Petitioner was born in Colón, Panama, in 1962,[2] and that he immigrated to the United States in 1966. He also found that Petitioner's mother was a permanent U.S. resident -- not a United States citizen. In addition, the IJ discerned that Petitioner alleged only that his *stepfather* was a U.S. citizen and government employee.[3] When the IJ explained that citizenship could not be derived from a stepparent, Petitioner claimed -- without offering record evidence -- that his biological father, Daniel Cecenia, was also a U.S. citizen.[4] Yet by his

---

[1] Under § 1403(b), "Any person born in the Republic of Panama on or after February 26, 1904 . . . whose father or mother or both at the time of the birth of such person was or is a citizen of the United States employed by the Government of the United States or by the Panama Railroad Company . . . is declared to be a citizen of the United States."

[2] The IJ incorrectly stated that Colón is part of the Panama Canal Zone; it is part of the Republic of Panama. See Hay-Bunau Varilla Treaty art. II, Nov. 18, 1903, U.S.-Panama, 33 Stat. 2234.

[3] Not realizing that Petitioner claimed citizenship through his stepfather, the IJ initially found that Petitioner was a U.S. citizen; the IJ corrected the misunderstanding upon further review. Thus, Petitioner's later contention that the IJ found Petitioner to be a U.S. citizen is unavailing.

[4] Indeed, when interviewed by an immigration agent and when writing a letter to the IJ, Petitioner's mother did not even suggest that Petitioner's biological father was a U.S. citizen.

3

own admission, Petitioner never met his biological father, who never legitimized Petitioner.

Because Petitioner could not show derivative citizenship, the IJ found him a native and citizen of Panama ineligible to apply for cancellation of removal because he had been convicted of two crimes of moral turpitude. Finding no relief under the Convention Against Torture, the IJ ordered Petitioner removed to Panama.

On appeal to the BIA, Petitioner for the first time argued that his biological father worked for the U.S. Navy; he offered nothing more than his own testimony to support the claim. The BIA, finding no evidence establishing Petitioner's U.S. citizenship and declaring the record "void of evidence regarding [Petitioner's] biological father," dismissed the appeal. Petitioner now seeks review of the BIA's final order affirming the IJ's order.

We do not have jurisdiction to "review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in . . . § 1227(a)(2)(A)(iii) . . . or § 1227(a)(2)(A)(ii)." 8 U.S.C. § 1252(a)(2)(C). But to the extent that a removal order is based on a legal question of nationality, we review it de novo. See Sebastian-Soler v. U.S. Att'y Gen., 409 F.3d 1280, 1283 (11th Cir. 2005). Where, as here, a petitioner claims that he is no alien, we

4

look to 8 U.S.C. § 1252(b)(5)(A): a court of appeals "shall" decide a nationality claim where the pleadings and affidavits present "no genuine issue of material fact."[5]

In reviewing a claim of U.S. citizenship, we must be mindful that "the burden is on the alien applicant to show his eligibility for citizenship in every respect" and that "doubts should be resolved in favor of the United States and against the claimant." Berenyi v. Dist. Dir., 385 U.S. 630, 637 (1967) (internal citation omitted). And "speculation does not create a genuine issue of fact." Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) (internal citation omitted) (reviewing entry of summary judgment).

Here, Petitioner baldy asserts derivative citizenship pursuant to 8 U.S.C. § 1403(b), INA § 303(b). Yet he proffers no evidence (1) that his father was a U.S. citizen, or (2) that his father was employed by the U.S. government at the time of Petitioner's birth.[6] Indeed, Petitioner admits that he has never met his biological father. Petitioner has failed to carry the burden of proving citizenship; no genuine

---

[5] 8 U.S.C. § 1252(b)(5)(B) requires a court of appeals to transfer the proceeding to a district court if a genuine issue of material fact exists.

[6] Petitioner's scant evidence is distinguished from that in Agosto v. INS, 436 U.S. 748 (1978) (testimony of three witnesses, including adoptive parents, contributed to genuine issue of material fact regarding nationality). Here, even Petitioner's mother does not corroborate his story.

issue of material fact exists. We agree with the IJ and the BIA: the record establishes that Petitioner is a native and citizen of Panama. Therefore, we deny Petitioner's petition to review the IJ's and BIA's orders.

Finally, Petitioner claims that his due-process rights were violated by video-telephonic hearings and by a "misleading" INS form. We lack jurisdiction to review a final order of removal unless "the alien has exhausted all administrative remedies available," 8 U.S.C. § 1252(d)(1), including appeals to the BIA. See Sundar v. INS, 328 F.3d 1320, 1323–24 (11th Cir. 2003). Because Petitioner did not raise either of his due-process claims on appeal to the BIA, we dismiss his petition for lack of jurisdiction.

DENIED in part and DISMISSED in part.