[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13498
Non-Argument Calendar

_____

Agency No. A79-682-709

JIN NAN LI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 30, 2008)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Jin Nan Li, a native and citizen of China, seeks review of the Board of

Immigration Appeals' order affirming the immigration judge's order of removal and denial of Li's claims for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1231, and relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16. Li contends that the BIA erred by requiring her to present evidence that Chinese officials specifically targeted for sterilization Chinese nationals returning with American-born children.[1]

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well. See id. Here the BIA affirmed the IJ's decision insofar as it concluded that Li failed to meet her burden of proof for relief. Because the BIA's order followed the reasoning of the IJ, we will review the BIA's decision and the relevant portion of the IJ's decision.

We review findings of fact under the "substantial evidence test" and must affirm the decision "if it is supported by reasonable, substantial, and probative

_____

[1] We lack jurisdiction to consider Li's claim that she has a well-founded fear of future persecution based on fines for violating China's family-planning policy because she did not raise that claim before the BIA. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). We will only address Li's claims of future persecution based on forced sterilization.

2

evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation omitted). "We view the record evidence in the light most favorable to the agency's decision," Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), and "consider only whether there is substantial evidence for the findings made by the BIA, not whether there is substantial evidence for some other finding that could have been, but was not, made." Id. at 1029 (quotation omitted). "To reverse the [agency's] decision, we must conclude that the record not only supports a conclusion, but compels it." Yang v. United States Att'y Gen., 418 F.3d 1198, 1202 (11th Cir. 2005).

An alien applying for asylum must meet the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42). The asylum applicant bears the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284.

To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or

3

(2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. Here Li's claim for asylum is based on her fear that she will be involuntarily sterilized if she is returned to her hometown in China's Fujian Province. An applicant's well-founded fear that she will be forced to undergo involuntary sterilization is sufficient to demonstrate eligibility for asylum. See 8 U.S.C. § 1101(a)(42).

A "well-founded fear" has both a subjective and objective component. See Yang, 418 F.3d at 1202. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." Al Najjar, 257 F.3d at 1287. The objective prong may be satisfied by establishing that the applicant "has a good reason to fear future persecution." Id. The dispute in this case is over whether Li has "good reason to fear" involuntary sterilization if she is returned to China, now that she has had three children while living in the United States.

The BIA and IJ concluded that she did not have good reason to fear sterilization. The IJ's oral decision relied heavily on the State Department's 2005 Profile of Asylum Claims and Country Conditions in China. Although the 2005 Profile states that "a family with a U.S. born child or children receives no special treatment under the family planning laws," it also states that "U.S. diplomats in China are not aware of any cases in which returnees from the United States were

4

forced to undergo sterilization procedures on their return." Additionally, it notes that "[l]ocal physicians in contact with the U.S. Consulate General . . . report that they have not seen signs of forced abortions or sterilizations among their patients from Fujian and Guangdong Provinces since the 1980s."

Li contends that the BIA's and IJ's decisions improperly relied on a distinction between the treatment of parents with children born abroad and those with children born in China and points to our decision in Li v. United States Attorney General, 488 F.3d 1371 (11th Cir. 2007), for support. There, however, we were faced with a much different record, including an affidavit from the petitioner's mother describing what we characterized as "a recent campaign of forced sterilization in her home village." Id. We concluded that the BIA erred in distinguishing that evidence on the basis that it involved parents whose children were born in China, instead of abroad. By contrast, here the only evidence that Li presented in support of her claim was her testimony that her sister-in-law was involuntarily sterilized after she had two children. Li did not, however, provide any additional evidence to support that allegation. Moreover, Li admitted that her mother, who has four children, has not been sterilized.

Our review is confined to the record in this case, and we may not "find, or consider, facts not raised in the administrative record nor can we reweigh the evidence from scratch." Adefemi, 368 F.3d at 1027 (internal quotation marks and

citation omitted).  In light of this record, we cannot conclude that "a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Al Najjar, 257 F.3d at 1284 (internal quotation marks and citation omitted).  There is substantial evidence to support the BIA's conclusion that Li failed to demonstrate a well-founded fear of involuntary sterilization, regardless of where her children were born.  Therefore, we affirm the its denial of Li asylum claim.

We are unable to review Li's claims for withholding of removal and CAT relief because she failed to exhaust her administrative remedies by not raising those claims to the BIA.  See Sundar, 328 F.3d 1320 at 1323.

**PETITION DENIED.**