[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14700
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 27, 2009
THOMAS K. KAHN
CLERK

Agency Nos. A99-920-320
A99-920-321

IVONNE KATHERINE APONTE MARTINEZ,
SAMANTHA ANN APONTE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 27, 2009)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ivonne Katherine Aponte Martinez, on behalf of herself and her daughter

Samantha Ann Aponte,[1] seeks review of the Board of Immigration Appeals'

decision affirming the immigration judge's denial of her application for asylum,

withholding of removal, and relief under the United Nations Convention Against

Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment

("CAT").

Our review is limited to the BIA's decision "except to the extent that it

adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir.

2001). Here because the BIA affirmed the IJ's decision without opinion, "the IJ's

decision becomes the final removal order subject to review." Ruiz v. United States

Att'y Gen., 440 F.3d 1247, 1254 (11th Cir. 2006). We review administrative fact

findings under the "substantial evidence" test. Id. at 1255. Under that test, we

must affirm the agency decision if it is supported by "reasonable, substantial, and

probative evidence on the record considered as a whole." Id. at 1244–45. We will

reverse "only when the record compels a reversal; the mere fact that the record

may support a contrary conclusion is not enough to justify reversal of an

administrative finding." Id. (citation and quotation marks omitted).

A petitioner bears the burden of proving that she is a "refugee" in order to be

eligible for asylum. See 8 U.S.C. § 1158(b)(1); D-Muhumed v. United States Att'y

---

[1] We will refer to the petitioners collectively as "Martinez," unless context requires otherwise.

<u>Gen.</u>, 388 F.3d 814, 817–18 (11th Cir. 2004).  A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution.  8 C.F.R. § 208.13(a), (b); <u>Al Najjar</u>, 257 F.3d at 1287.  Martinez's claim for asylum is based on alleged persecution on account of her involvement with a political party in her home country of Venezuela.  Therefore, she must demonstrate a "well-founded fear" that she will be persecuted based on her political opinion if she returns to Venezuela. <u>Id.</u>  Martinez contends that the IJ erred in determining that she had not demonstrated past persecution.[2]

Substantial evidence supports the IJ's determination that Martinez did not establish past persecution.  "[P]ersecution is an extreme concept, requiring more

---

[2] Martinez's brief does not offer more than a passing reference to the possibility that she has a "well-founded" fear of future persecution, and therefore she has abandoned that issue, <u>see</u> <u>Greenbriar, Ltd. v. City of Alabaster</u>, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989), and she did not raise that issue before the BIA anyway, <u>see</u> <u>Amaya-Artunduaga v. United States Att'y Gen.</u>, 463 F.3d 1247, 1250–51 (11th Cir. 2006).

than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Id. Martinez argues that she suffered past persecution based on threatening phone calls that she received, a statement made in her presence (but not directed at her) that several men were going to kill people distributing political flyers, and one instance where she was assaulted in the street and suffered minor injuries. Those incidents, however, do not rise to the level of past per secution. See Djonda v. U.S. Attorney Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) ("[T]hreats viewed in conjunction with [a] minor beating would not compel the conclusion that [the petitioner] suffered persecution.")

Martinez's claim for withholding of removal also fails. The standard for withholding of removal "is more stringent than the 'well-founded fear' standard for asylum." D-Muhumed, 388 F.3d at 819. Because Martinez did not satisfy the lesser standard for asylum, she cannot meet the standard for withholding of removal. See id.

Finally, we lack jurisdiction to review Martinez's CAT claim because she did not raise it before the BIA. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003).

**PETITION DENIED IN PART AND DISMISSED IN PART.**

4