[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16680
Non-Argument Calendar

_____

Agency No. A099-639-376


HELEN LIENTJEWAS,
MOCHAMAD RIZAL NASUTION,
RENANTA AULIA NOVANDA,

                                                    Petitioners,

                              versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 6, 2009)

Before EDMONDSON, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Helen Lientjewas appeals the Board of Immigration Appeals ("BIA") final order of removal. We see no reversible error; we affirm.

Petitioner contends that the BIA erred when it affirmed the Immigration Judge's ("IJ") decision that the petitioner was not credible. Petitioner also believes that the BIA erred when it determined that it is unlikely that the Petitioner, as a Chinese, Christian woman, would suffer future persecution in Indonesia.

We review the BIA's credibility decision under the substantial evidence test. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id.

Petitioner believes that the BIA, in adopting the IJ's ruling, erred. We examine the facts as presented to the IJ, and sufficient discrepancies support the IJ's ruling. Petitioner's story and evidence contains too many seeming contradictions. Although the IJ's determination was not limited to the problems with the affidavits submitted by Petitioner, we note the problem Petitioner had in testifying consistently about where the affidavits had been translated. It is certainly within the IJ's discretion, in making a credibility determination, to decide

that the affidavits undermined Petitioner's credibility.[*]

On the IJ's determination that there was no well-founded fear of future persecution, sufficient evidence in the record supports the finding that, objectively, there should be no fear of persecution. In examining the fear of persecution, the IJ must look at both objective and subjective fears. Al Najjar v. Ashcroft, 257 F.3d 1262, 1289 (11th Cir. 2001). Here, the IJ noted that the Petitioner moved to another part of Indonesia and experienced no attacks over the course of a year. At the end of that time, the Petitioner moved back to Jakarta, where she received no threats for at least two years. This evidence is sufficient evidence that there was no objectively reasonable fear of persecution.

We give much deference to BIA rulings. Petitioner does not provide us with sufficient evidence to compel reversing the BIA.

Petition DENIED.

---

[*]Petitioner's due process claims were not raised before the BIA, and so are not before us on appeal. Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003).