[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17188
Non-Argument Calendar

_____

Agency No. A095-225-239

JEAN HERODE MOROSE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 10, 2009)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

Jean Herode Morose, a native and citizen of Haiti, petitions for review of the order by the Board of Immigration Appeals ("BIA") that affirmed the decision of the Immigration Judge ("IJ"). The decision denied asylum, withholding of removal, and relief under the Convention Against Torture (CAT). No reversible error has been shown; we dismiss the petition in part and deny it in part.

We first conclude that we lack jurisdiction over Morose's CAT relief claim. The government points out -- and Morose concedes -- that he failed to raise his CAT relief claim before the BIA; thus, he failed to exhaust his administrative remedies on this claim. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) (we lack jurisdiction to consider unexhausted claims; and to exhaust a claim, a petitioner must raise it before the BIA). Morose argues that because the BIA sua sponte addressed his claim for CAT relief, we should now exercise jurisdiction over it. But this argument is contrary to our Court's precedent, see Amaya-Artunduaga v. U.S. Attorney Gen., 463 F.3d 1247, 1250 (11th Cir. 2006); and we dismiss the petition on CAT relief.

About Morose's asylum and withholding of removal claims, we review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting

that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review legal determinations de novo. Id. Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (citation omitted). To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1286-87.

Here, Herode sought relief based on imputed political opinion. Herode, who was an electrician in Haiti, alleged that he did some work for a man named Polinice and that Polinice did not pay him for this work. Herode made several unsuccessful attempts to collect the debt from Polinice. Later, four men came to

3

Herode's shop and beat up Herode. Herode testified that he believed these men were from the Lavalas party because the men accused Morose of opposing Lavalas. Morose then went into hiding in Haiti and fled eventually to the United States. While he was in hiding, his shop was burned; Morose believed that the same persons who beat him also burned his shop.

The IJ determined that Morose presented insufficient evidence to sustain his burden of proof for relief: he failed to tie the events that happened to him to a protected ground. The BIA agreed, concluding that nothing Morose testified to showed that what happened to him was politically motivated. On appeal, Morose argues that he demonstrated entitlement to relief based on his imputed political opinion.[1]

After review, we conclude that substantial evidence supports the BIA's conclusion that the attacks on Morose were not politically motivated; and the record does not compel reversal. While Morose asserts that his beating and the later burning of his shop constituted past persecution and justified a well-founded fear of future persecution, he failed to connect these incidents to a protected

---

[1]Morose also argues that the BIA engaged in impermissible fact-finding in violation of 8 C.F.R. § 1003.1(d)(3)(i). He appears to base this argument on a sentence in the BIA order concluding that "[u]pon de novo review," Morose was unentitled to relief. But the order makes clear that the BIA made no impermissible fact-findings and, instead, stated that the facts as determined by the IJ were not in dispute. The BIA simply applied these facts to the appropriate legal standard. See 8 C.F.R. § 1003.1(d)(3)(ii) (the BIA "may review questions of law, discretion, and judgment . . . de novo").

4

ground. Morose's testimony demonstrated that he was engaged in a private dispute with a customer over payment; nothing evidenced that the customer was connected to Lavalas or that Morose's beating and the later burning of his shop was politically motivated. Morose admitted that he belonged to no political party or organization in Haiti. And he testified only vaguely that he assumed the men were from Lavalas because "during that period they were the ones . . . mistreating people." Without a connection to a protected ground, Morose cannot demonstrate that he is entitled to asylum. See Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) ("evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground.").[2]

Herode's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal. See Forgue, 401 F.3d at 1288 n.4.

PETITION DISMISSED IN PART AND DENIED IN PART.

---

[2]Morose's argument that the IJ failed to give proper consideration to his claims of a well-founded fear of future persecution and for withholding of removal is unavailing. Morose fails to appreciate that both the IJ and the BIA disposed of these claims because he failed to demonstrate a connection to a protected ground and, thus, did not need to analyze the claims further.

5