[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 20, 2010
JOHN LEY
ACTING CLERK

No. 09-12848
Non-Argument Calendar
_____

Agency No. A088-613-890

RUBEN CALMO GOMEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 20, 2010)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ruben Calmo Gomez, a native and citizen of Guatemala, petitions pro se for review of the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The Board of Immigration Appeals and the immigration judge denied Calmo's application for asylum as untimely and found that Calmo failed to establish he was eligible for withholding of removal or relief under the Convention. We deny the petition.

Calmo challenges only one of the three decisions of the Board. Calmo challenges the denial of withholding of removal. Calmo does not challenge the denial of relief under the Convention. Calmo also does not contest the finding that his application for asylum was untimely, which we lack jurisdiction to review. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

The record does not compel a finding that Calmo suffered past persecution on account of a protected ground. Calmo alleged that other members of his family suffered persecution, and Calmo failed to establish that their alleged persecution occurred on account of a protected ground. Calmo testified that guerillas kidnapped his brother, Luis, because Calmo's father was a member of the civil patrol, but Calmo later testified that no one had claimed responsibility for the

2

kidnapping and he had assumed guerillas had been responsible because the incident occurred "during the guerrillas' time." Calmo testified that his parents had been beaten and his family had received four notes threatening the disappearance of the "next one," but the incidents occurred after Calmo's father left the civil patrol and Calmo could not identify the individuals that had been involved. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1238 (11th Cir. 2006). Calmo also testified about threatening phone calls that he had received, but the calls were made anonymously and do not rise to the level of persecution. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005).

The record also does not compel a finding that Calmo has a well-founded fear of persecution on a protected ground upon return to Guatemala. Despite the incidents involving his brother and parents, neither Calmo nor his younger siblings were harmed. Calmo's father has retired from civil service, and Calmo has not been threatened for any personal activity adverse to the guerrillas. Calmo testified that his family has remained in their hometown without incident. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).

Calmo now argues that the persecution was attributable to his Mayan ancestry, but he failed to present that argument to either the immigration judge or the Board. "[T]he rules are clear: before proceeding to federal court, an alien must exhaust his or her administrative remedies." Amaya-Artunduaga v. U.S. Att'y

3

Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (quoting <u>Sundar v. INS</u>, 328 F.3d 1320, 1323 (11th Cir. 2003)).  The Board did not err when it dismissed Calmo's petition.

We **DENY** Calmo's petition for review.