[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13273
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2011
JOHN LEY
CLERK

Agency No. A088-010-212


LUIS CASTILLO-PADILLA,

Petitioner.

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 15, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Luis Castillo-Padilla, a native and citizen of Mexico, petitions for review of

the decision that affirmed the denial of his application for adjustment of status. 8 U.S.C. § 1255(a). The Board of Immigration Appeals agreed with the finding of the immigration judge that Castillo-Padilla had not been "paroled into the United States" and did not qualify for an adjustment of status. 8 U.S.C. § 1182(d)(5)(A). We deny the petition.

In 1999, Castillo-Padilla entered the United States illegally. In 2006, the Department of Homeland Security gave Castillo-Padilla notice that he was subject to removal for being an alien in the United States without admission or parole. Castillo-Padilla was arrested and detained by the Immigration and Customs Enforcement agency. The Attorney General later released Castillo-Padilla after he paid a bond of $12,000. When he was released, Castillo-Padilla received an I-94 Departure Record with a stamp stating that he had posted bond.

Castillo-Padilla conceded removability, but he later applied to adjust his residency status based on his marriage to a citizen of the United States. The immigration judge found that Castillo-Padilla was not eligible for an adjustment of status based on his marriage, and Castillo-Padilla agreed with that finding. Castillo-Padilla argued that he was eligible for an adjustment of status on the alternative ground that he had been issued an I-94 form that evidenced he had been "paroled" into the United States.

2

The immigration judge denied Castillo-Padilla's application for an adjustment of status and ordered him removed from the United States. The immigration judge found that the I-94 form that Castillo-Padilla received was "just an indication that a bond was posted and he was released from the custody of the Department of Homeland Security under bond." The immigration judge reasoned that "a release under bond" did not establish that Castillo-Padilla "had been in fact paroled into the United States by the Department of Homeland Security, and as such he would not be eligible for adjustment of status."

The Board agreed with the findings of the immigration judge and dismissed Castillo-Padilla's appeal. The Board stated that Castillo-Padilla had failed to "adequately explain[] how his release from custody on a $12,000 bond constitutes conditional parole," but the Board found that, even if Castillo-Padilla had been "afforded 'conditional parole' under section 236(a)(2)(B) of the Act," 8 U.S.C. § 1226(a)(2)(B), that was "not the same as 'parole into the United States'" that would make him "eligible for adjustment of status under section 245(a)," 8 U.S.C. § 1255(a). The Board also found that Castillo-Padilla failed to prove that the government intended to parole him into the United States when it issued the I-94 form because the form was stamped with the amount of the bond instead of endorsed with the parole stamp, as required to grant parole to an alien under

3

section 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A). The Board agreed with the finding of the immigration judge that "conditional parole under section 236(a)(2)(B)" was a "distinct and different procedure from parole under section 212(d)(5)(A) and that [Castillo-Padilla] [was] not eligible to adjust his status under section 245(a) . . . on the basis of his release from custody on conditional parole."

We review the decision of the Board to determine whether it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Diallo v. U.S. Att'y Gen., 596 F.3d 1329, 1332 (11th Cir. 2010) (quoting Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001)). As a general rule, we review questions of law de novo, but when the issue involves the interpretation of a statute by the administering agency, we apply the deferential two-step test articulated in Chevron, U.S.A., Inc. v. Natural Resource Defense Council, 467 U.S. 837, 104 S. Ct. 2778 (1984). De Sandoval v. U.S. Att'y Gen., 440 F.3d 1276, 1278 (11th Cir. 2006). The first step of the Chevron test "requires us to determine whether 'Congress has directly spoken to the precise question at issue.'" Id. at 1279 (quoting Chevron, 467 U.S. at 842, 104 S. Ct. at 2781). If Congress has not addressed the issue, or if language of the statute is ambiguous, we proceed to the second step of the Chevron test to determine "'whether the

4

agency's [regulation] is based on a permissible construction of the statute.'" Id. (quoting Chevron, 467 U.S. at 843, 104 S. Ct. at 2782).

Castillo-Padilla makes two arguments in support of his petition, but we lack jurisdiction to consider one of those arguments. Castillo-Padilla argues that the Board misinterpreted the laws governing parole. Castillo-Padilla also argues that the denial of an opportunity to adjust his status violated his right to due process, but Castillo-Padilla did not present this argument to the Board. "[A]bsent a cognizable excuse or exception, 'we lack jurisdiction to consider claims that have not been raised before'" the Board. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (quoting Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003)).

Castillo-Padilla argues that when he was released from custody on "conditional parole" he became eligible for an adjustment of status, but the decision of the Board that Castillo-Padilla was ineligible is more consistent with the language of the statute. An alien may apply for an adjustment of status if he has been "inspected and admitted or paroled into the United States." 8 U.S.C. § 1255(a). Congress employed the term "conditional parole" to refer to the release of an alien subject to removal from the United States. Id. § 1226(a)(2). "As we have previously stated, 'when Congress uses different language in similar

5

sections, it intends different meanings.'" DIRECTV, Inc. v. Brown, 371 F.3d 814, 818 (11th Cir. 2004) (quoting Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 859 (11th Cir. 2000)). Alternatively, we conclude that the Board reasonably decided that Castillo-Padilla's release on conditional parole did not make him eligible to apply for an adjustment of status for having been "paroled into the United States," 8 U.S.C. § 1255(a). An alien may be "paroled into the United States" by the Attorney General temporarily if the parole would serve "urgent humanitarian reasons" or provide a "significant public benefit," id. § 1182(d)(5)(A), which contrasts starkly with being released on conditional parole until immigration authorities decide if an alien should be removed from the United States, id. § 1226(a)(2). See Delgado-Sobalvarro v. U.S. Att'y Gen., 625 F.3d 782, 786–87 (3d Cir. 2010); Ortega-Cervantes v. Gonzales, 501 F.3d 1111, 1116–20 (9th Cir. 2007).

Castillo-Padilla's petition for review is **DENIED**.