[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13167
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2012
JOHN LEY
CLERK

Agency No. A095-542-765

MARIA LUZMILA ARANGO-MORENO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 2, 2012)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Maria Luzmila Arango-Moreno petitions for review of the Board of Immigration Appeals' final order denying her requests for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). Arango-Moreno contends that the Immigration Judge's adverse credibility determination, which was affirmed by the BIA, is not supported by substantial evidence.

## I.

Arango-Moreno, a citizen of Colombia, entered the United States without inspection in June 2001. She filed an application for asylum, withholding of removal, and CAT relief in April 2002 based on her political opinion. According to the application, she was an active member of Colombia's conservative party before entering the United States. Because of her membership in that party, she alleged that she was persecuted by the Revolutionary Armed Forces of Colombia (FARC).

An asylum officer interviewed Arango-Moreno in early December 2004 and concluded that she was not a credible witness, and the Department of Homeland Security then determined that she was not eligible for asylum. DHS instituted removal proceedings against her. Before the IJ, Arango-Moreno conceded removability but applied for asylum, withholding of removal, and CAT relief.

2

The IJ denied her relief, finding that, based on inconsistencies between her application, her in-court testimony, and the documents she submitted, she was not credible. She appealed the IJ's decision to the BIA, which affirmed. Arango-Moreno then timely filed this petition for review.

## II.

Arango-Moreno contends that the adverse credibility determination is not supported by substantial evidence. Because the BIA did not expressly adopt the IJ's decision, we review only the BIA's decision. See Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). We review for substantial evidence the BIA's factfindings, including an adverse credibility determination, and review de novo its legal conclusions. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817–18 (11th Cir. 2004).

To establish a claim for asylum, an applicant must establish "with specific and credible evidence" that she is a "refugee" under the Immigration and Nationality Act. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006); see 8 U.S.C. § 1158(b)(1)(B)(1). A refugee is, among other things:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of . . . political opinion.

3

Id. § 1101(a)(42)(A).  An adverse credibility determination alone may be sufficient to support a denial of asylum.  D-Muhumed, 388 F.3d at 819.

Arango-Moreno did not credibly establish her membership in the Colombian conservative party.  She testified before the IJ that she joined the party in 1985, but she submitted a letter from her father that indicated that she joined it in 1991.  She also submitted a letter from the Colombian conservative party that said she joined the party in 1994.[1]

Nor did she credibly establish that she suffered past persecution at the hands of FARC or that she has a well-founded fear of persecution if she returns to Colombia.  She testified that, on April 15, 2001, she was kidnaped by FARC, the getaway car crashed, and she woke up in the hospital with an injured leg.  According to her testimony, she checked out of the hospital one day later.  But she told the asylum officer that she was hospitalized for three days after this incident.

These inconsistences provide substantial evidence supporting the adverse credibility determination.  The BIA did not err in denying her application for asylum.  Because Arango-Moreno is unable to meet the lower burden for asylum,

---

[1]Arango-Moreno argues that the letters from her father and the conservative party were improperly translated and that the proper translations reveal that there was no inconsistency between her in-court testimony and the information presented in the letters.  But she did not challenge the translation of the letters before the IJ or the BIA so we cannot consider the alternative translations now.  See Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003).

she also cannot meet the higher standard for withholding of removal and CAT relief because those claims for relief are based on the same underlying facts. See Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007).

**PETITION DENIED.**