[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10113
Non-Argument Calendar
_____

Agency No. A023-183-108

RAFAEL EMILIO BAYOLO HERNANDEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 21, 2015)

Before ED CARNES, Chief Judge, TJOFLAT, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Rafael Emilio Bayolo Hernandez seeks review of the final order of the Board of Immigration Appeals affirming the pretermission of his application for a suspension of deportation. Bayolo raises two contentions in his petition for review.[1] First, he contends that the BIA erred in failing to consider a Fourth Circuit decision that he argues would allow him to apply for cancellation of removal. Second, he contends that applying the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) to bar his application for suspension of deportation would be impermissibly retroactive.

I.

Bayolo is a Cuban citizen who was paroled into the United States in 1980. See 8 U.S.C. § 1182(d)(5)(A) ("The Attorney General may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien . . . ."). On April 27, 1988, he pleaded no contest to possession of cocaine in Florida and served an eleven-day jail sentence. Eight years later he applied for an adjustment of status to become a lawful permanent resident, but his application was denied. On June 16, 2010, the Department of Homeland Security (DHS) sent him a notice

---

[1] Because petitioner referred to himself in the hearing before the Immigration Judge as "Rafael Bayolo," we will use that surname in this opinion.

to appear.  The notice to appear charged that he was removable from the United States due to his conviction of a crime involving moral turpitude, the cocaine conviction, and failure to possess a valid unexpired immigrant visa or other valid entry document.  See 8 U.S.C. § 1182(a)(2)(A)(i)(I), (a)(2)(A)(i)(II), (a)(7)(A)(i)(I).

In his removal proceedings, Bayolo conceded before the Immigration Judge that he is ineligible for the post-IIRIRA remedy of cancellation of removal because of his conviction.   Because of that ineligibility, he applied for suspension of deportation, a form of relief that existed pre-IIRIRA.  See Tefel v. Reno, 180 F.3d 1286, 1288–89 (11th Cir. 1999).   He argued that he could apply for this now nonexistent remedy based on the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 (2001).  DHS responded by moving to pretermit Bayolo's application for suspension of deportation on the grounds that Bayolo was properly in removal proceedings and no binding legal authority supported his argument that suspension of deportation remained available more than a dozen years after the authority for it was repealed.

The IJ granted DHS's motion to pretermit.  The IJ sustained the charges of removability for Bayolo's cocaine conviction and his failure to possess a valid unexpired visa or other entry document.  See 8 U.S.C. § 1182(a)(2)(A)(i)(II), (a)(7)(A)(i)(I).  The IJ found no support for Bayolo's argument that he could apply

3

for suspension of deportation, given that IIRIRA became effective in 1997 and the removal proceedings were begun in 2010. The IJ then denied Bayolo's motion to reconsider and ordered that he be removed from the United States.

Bayolo appealed the IJ's decision to the BIA. He again contended that suspension of deportation should be available to him based on St. Cyr. The BIA rejected that contention. It found that because Bayolo's status as a parolee would have precluded him from applying for suspension of deportation even before IIRIRA, it would not be impermissibly retroactive to deny him a remedy he never had in the first place. This petition followed.

## II.

Bayolo conceded before the BIA that he is not eligible to apply for cancellation of removal. He now contends, however, that the BIA should have considered whether he was eligible for that relief because in a footnote in its order the BIA cited the Fourth Circuit decision Jaghoori v. Holder, 772 F.3d 764, 769, 771 (4th Cir. 2014) (holding that the same IIRIRA provision that bars Bayolo from applying for cancellation of removal could not be applied retroactively). The government contends that we lack subject matter jurisdiction to review Bayolo's claim that he is entitled to cancellation of removal because he failed to exhaust it. See 8 U.S.C. § 1252(d)(1); Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) ("[W]e lack jurisdiction to consider claims that have not been raised before the

BIA."). We review our subject matter jurisdiction de novo. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).

Bayolo never asked the BIA to consider his claim that he can apply for cancellation of removal. By failing to raise this claim before the BIA, Bayolo failed to exhaust his administrative remedies. We therefore cannot consider Bayolo's claim that he is entitled to relief. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). It makes no difference that the BIA arguably addressed the issue sua sponte by mentioning Jaghoori in a footnote. We have no jurisdiction over claims that Bayolo, "without excuse or exception, failed to present before the BIA, even if the BIA addressed the underlying issue sua sponte." Amaya-Artunduaga, 463 F.3d at 1251.

## III.

Bayolo's second claim is that applying IIRIRA to him would be impermissibly retroactive under INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 (2001). DHS contends that no retroactivity problem exists because Bayolo was never eligible for the relief he seeks, and as a result applying IIRIRA does not attach a new legal disability to any pre-IIRIRA transaction. We have jurisdiction to hear Bayolo's claim because it presents a pure question of law. 8 U.S.C. § 1252(a)(2)(D); Ferguson v. U.S. Att'y Gen., 563 F.3d 1254, 1259 (11th Cir. 2009) (exercising jurisdiction over a similar IIRIRA retroactivity claim). We

5

review the BIA's legal conclusions <u>de novo</u> and its factfindings for substantial evidence.  <u>Assa'ad v. U.S. Att'y Gen.</u>, 332 F.3d 1321, 1326 (11th Cir. 2003); <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1283–84 (11th Cir. 2001).

Bayolo argues that his case is factually indistinguishable from <u>St. Cyr</u> and therefore, like the alien in that case (St. Cyr), he too should be allowed to apply for a now-extinct form of relief.  Bayolo, like St. Cyr, was convicted of a pre-IIRIRA crime that rendered him deportable.  <u>St. Cyr</u>, 533 U.S. at 293, 121 S. Ct. at 2275. He asserts that, like St. Cyr, he would have been able to apply for deportation relief had IIRIRA not intervened.  <u>Id.</u> at 293, 320, 121 S. Ct. at 2275, 2290.  And he asserts that, like St. Cyr, it would be impermissibly retroactive to apply IIRIRA to him because it would frustrate his pre-IIRIRA expectation of future relief.  <u>See id.</u> at 293, 121 S. Ct. at 2275.  But there is a distinction that makes a world of difference.

Bayolo is not in the same position as St. Cyr because Bayolo was never eligible for suspension of deportation.  The crux of <u>St. Cyr</u> was that St. Cyr was eligible for the pre-IIRIRA relief he sought (§ 212(c) relief) notwithstanding his conviction, and as a result applying IIRIRA would have impermissibly frustrated his reliance on that relief.  <u>Id.</u> at 326, 121 S. Ct. at 2293; <u>see</u> <u>Ferguson</u>, 563 F.3d at 1271 ("We . . . hold that reliance is a component of the retroactivity analysis as it applies to aliens, deportable for criminal offenses, who wish to show that IIRIRA's

6

repeal of § 212(c) has an impermissible retroactive effect."). Bayolo, however, was never eligible for the relief of suspension of deportation because he was paroled into the United States.

Before IIRIRA, when an alien violated the conditions of parole he was subject to exclusion proceedings, not deportation proceedings. Assa'ad, 332 F.3d at 1327; see also Landon v. Plasencia, 459 U.S. 21, 25–27, 103 S. Ct. 321, 325–26 (1982). And when an alien was subject to exclusion proceedings, suspension of deportation was not an available remedy. Landon, 459 U.S. at 26–27, 103 S. Ct. at 326; Matter of Torres, 19 I. & N. Dec. 371, 373, 1986 WL 67717 (BIA 1986) ("It is . . . established that an alien properly in exclusion proceedings is not entitled to apply for a suspension of deportation, despite being present in the United States on parole for an extensive period of time.").

Bayolo does not contest that he was paroled into the United States. As a parolee, the only proceeding that he could have been subject to before IIRIRA was an exclusion proceeding, not a deportation one. Bayolo, unlike St. Cyr, was therefore never eligible for the relief he seeks and never could have relied on its availability.[2] Because Bayolo cannot be deprived of a remedy he never had,

---

[2] Bayolo cites several out-of-circuit decisions to support his argument, but these cases are all readily distinguishable because they involved aliens who were eligible for their sought-after relief before IIRIRA's enactment. See, e.g., Hernandez de Anderson v. Gonzales, 497 F.3d 927, 937, 944 (9th Cir. 2007); Lopez-Castellanos v. Gonzales, 437 F.3d 848, 853 (9th Cir. 2006); Alvarez-Hernandez v. Acosta, 401 F.3d 327, 330–31 (5th Cir. 2005).

7

applying IIRIRA to him does not create a retroactivity problem.  His claim must therefore be denied.

**DISMISSED IN PART, DENIED IN PART.**