[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11828
Non-Argument Calendar
_____

Agency No. A095-291-158

HUIWEN CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 4, 2016)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Huiwen Chen, a native and citizen of China, petitions for review of a decision affirming his order of removal. The Board of Immigration Appeals agreed with the decisions of the immigration judge to reopen Chen's removal proceeding and terminate his status as an asylee for knowingly making a frivolous application, 8 U.S.C. § 1158(d)(4), (d)(6), and to deny Chen's motion to terminate his removal proceeding. Chen argues that the immigration judge "ignored the requirement that the Department must establish by a preponderance of the evidence that [he] knowingly filed" a frivolous application; that the immigration judge should have terminated the removal proceeding; and that he is entitled to withholding of removal. We deny in part and dismiss in part Chen's petition.

"We review *de novo* the statutory interpretation finding by the Board that [an alien has] filed a frivolous asylum application under Section 1158(d)(6)." *Barreto-Claro v. U.S. Att'y Gen.*, 275 F.3d 1334, 1338 (11th Cir. 2001). The regulations provide a process for an immigration judge to follow in determining whether an application is frivolous. *See* 8 C.F.R. § 208.20. That framework is designed to safeguard procedural rights, which includes ensuring that the immigration judge "plac[es] the ultimate burden of proof on the Government," *Matter of Y-L-*, 24 I. & N. Dec. 151, 158 (BIA 2007), to establish, by a preponderance of the evidence, that there was "fraud in the alien's application such that [he] was not eligible for asylum at the time it was granted," 8 C.F.R.

2

§ 1208.24(a)(1), (f). If the immigration judge complies with the safeguards and finds that the alien knowingly filed a frivolous application after being advised of the consequences of such wrongdoing, the alien is permanently ineligible to receive benefits under the Immigration and Nationality Act. 8 U.S.C. § 1158(d)(6).

The Board did not err in determining that the immigration judge "placed the burden" of proof on the Department and that it "met its burden" to prove that Chen's application was frivolous. At the commencement of the hearing to terminate, the Department submitted a forensic report establishing that Chen's card was counterfeit; a transcript of Chen's interview in April 2002 during which he signed an oath acknowledging that he would be "permanently ineligible" for benefits if he filed a "frivolous application for asylum"; and a copy of the application that Chen filed in September 2002. The report stated that Chen's identity card had been created using a different "production method" and that it lacked the "security features" and "fine details" of cards issued by the Chinese government. And the Department rebutted Chen's testimony that he did not think the card was forged because he obtained it from the Shouquan police station. As the Board stated, the Department "[brought] forward evidence regarding [Chen's] knowledge and intentions" through establishing that he had supported his application with another document of dubious authenticity. The forensic report stated that a subpoena, supposedly issued by the Chinese police to require Chen to

3

appear for questioning "for his illegal congregation and illegal preach [sic] gospel," was "suspect" because it was printed using "toner technology," which was "inconsistent with the production of high volume forms."

The Board also did not err in affirming the denial of Chen's motion to terminate his removal proceeding. The immigration judge was entitled to reopen Chen's removal proceeding to determine if there was fraud in his application that warranted terminating his asylum status. *See* 8 C.F.R. § 1208.24(a)(1), (f). Chen argues that he was entitled to terminate the removal process and to adjust his status based on the asylum granted to his wife, but Chen's filing of a frivolous asylum application made him "permanently ineligible" to benefit from his spouse's change in status. *See* 8 U.S.C. § 1158(d)(6).

We lack jurisdiction to consider Chen's argument that he is entitled to withholding of removal. "[A] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to [him] as of right." *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003) (quoting 8 U.S.C. § 1252(d)(1)). Chen argues that he provided a credible account of past persecution based on his religious beliefs, but Chen failed to present this argument to the Board. "[A]bsent a cognizable excuse or exception," we "lack jurisdiction to consider a claim raised in a petition for review [when] the petitioner has [failed to]

4

exhaust[ ] his administrative remedies." *Amaya–Artunduaga v. U.S. Att'y Gen.*,

463 F.3d 1247, 1250 (11th Cir. 2006). We dismiss this part of Chen's petition.

**PETITION DENIED IN PART AND DISMISSED IN PART**.