[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10792
Non-Argument Calendar
_____

Agency No. A204-457-176

FIDEL CASTRO-MORALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 18, 2018)

Before ED CARNES, Chief Judge, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Fidel Castro-Morales, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' final order affirming the immigration judge's denial of his application for special rule cancellation of removal under the Immigration and Nationality Act.

I.

Castro-Morales entered the United States around 1993 and the Citizenship and Immigration Service granted his application for Deferred Action for Childhood Arrivals in 2013.  Two years later a state magistrate judge issued a warrant for Castro-Morales' arrest because he punched his wife on her arms, back, ribs, and face, among other places.  That warrant led to Castro-Morales admitting responsibility under a deferred prosecution agreement to assault on a female in violation of North Carolina law.[1]  See N.C. Gen. Stat. § 14-33(c)(2).  The Department of Homeland Security issued a notice to appear, which alleged that Castro-Morales was subject to removal from the United States because he was an

---

[1] Under the agreement the state agreed to dismiss Castro-Morales' assault charge if he admitted responsibility to the charge and completed 18 months of probation.  In 2016 a state court entered a judgment reflecting the terms of the agreement.  In July 2017 the court granted Castro-Morales' motion to set aside the 2016 judgment and reopened his case because his attorney failed to warn him that he could be deported if he pleaded guilty.  See Padilla v. Kentucky, 559 U.S. 356, 369, 130 S. Ct. 1473, 1484 (2010) (holding that an attorney has a duty under the Sixth Amendment's guarantee of effective assistance of counsel to advise his client about the adverse immigration consequences of any pending criminal charges against the client).  And in August 2017 the court granted Castro-Morales' motion to dismiss the assault charge.

alien present in the country without authorization.  See 8 U.S.C.

§ 1182(a)(6)(A)(i).  Removal proceedings began shortly after that.

Castro-Morales conceded removability at a scheduling hearing but filed an

application for cancellation of removal under the "[s]pecial rule for battered

spouse[s]."  Id. § 1229b(b)(2).  That rule gives an immigration judge discretion to

cancel the removal of a deportable alien if, among other things, that alien:  (1) "has

been battered or subjected to extreme cruelty by a spouse" who is a United States

citizen and (2) is "a person of good moral character."  Id. § 1229b(b)(2)(A).  An

immigration judge may find that an alien who committed an act showing a lack of

good moral character — domestic violence, for example — is nevertheless a

person of good moral character if that bad act "was connected to the alien's having

been battered or subjected to extreme cruelty and determines that a waiver is

otherwise warranted."  See id. § 1229b(b)(2)(C).  At the merits hearing Castro-

Morales testified that his wife, a United States citizen, physically and verbally

abused him.

The immigration judge denied Castro-Morales' application for special rule

cancellation of removal, finding that Castro-Morales lacked good moral character

as § 1229b(b)(2)(A) requires.  The judge also found that a waiver was not

"otherwise warranted" under § 1229b(b)(2)(C) because the "scope of the blows

[Castro-Morales] inflicted on his" wife was "appalling."  Castro-Morales appealed

3

to the Board of Immigration Appeals, challenging the immigration judge's factual determinations and discretionary decisions.  The Board dismissed Castro-Morales' appeal after finding that "the seriousness of the violent acts" he committed left it "[un]persuaded . . . to disturb the decision of the Immigration Judge."  This is Castro-Morales' appeal.

## II.

Castro-Morales contends that the immigration judge, and the Board in affirming the judge's decision, erroneously interpreted § 1229b(b)(2)(C)'s "otherwise warranted" language before denying his application.  He argues that the immigration judge failed to follow the plain meaning of that section, under which an immigration judge "should look at the rest of the record, apart from the [bad] act" in determining whether a waiver is "otherwise warranted."  Petitioner's Br. at 13 (quotation marks omitted). That argument may (or may not) be correct.  But we lack jurisdiction to review it.

We are "under a duty to review [our] jurisdiction of an appeal at any point in the appellate process and we review our subject matter jurisdiction de novo."  Jara v. Núñez, 878 F.3d 1268, 1271 (11th Cir. 2018) (quotation marks, citations, and brackets omitted).  Congress has told us that in immigration cases we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  So we lack

jurisdiction to consider claims that an alien raises on appeal for the first time.  See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006); see also Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) ("[W]e lack jurisdiction to consider claims that have not been raised before the BIA.").  This "exhaustion requirement ensures the agency has had a full opportunity to consider a petitioner's claims."  Amaya-Artunduaga, 463 F.3d at 1250 (quotation marks omitted).

We lack jurisdiction to consider Castro-Morales' petition for review.  In his appeal to the Board Castro-Morales challenged the immigration judge's factual determinations and discretionary decisions.[2]  But he did not challenge, as he now does, the immigration judge's interpretation of § 1229b(b)(2)(C)'s "otherwise warranted" language.  So Castro-Morales failed to raise that claim before the Board, which deprived it "of the opportunity to discover and correct" the immigration judge's purported error.  Sundar, 328 F.3d at 1325 (quotation marks omitted).  "Preventing petitioners from doing that is what the exhaustion requirement is all about."  Id.

Section 1252(d)(1)'s exhaustion requirement is "clear:  before proceeding to federal court, an alien must exhaust his or her administrative remedies."  Id. at

---

[2] Castro-Morales made four arguments in support of those challenges:  (1) the immigration judge failed to properly balance the equities; (2) Castro-Morales will suffer extreme hardship if he is removed; (3) the immigration judge erred by failing to adjudicate Castro-Morales' application for regular cancellation of removal; and (4) the state court's August 2017 dismissal of the assault charge meant that the warrant for his arrest and the case disposition were no longer admissible for consideration.

1323 (quotation marks and citation omitted).  Because Castro-Morales failed to do that we dismiss his petition for lack of jurisdiction.

**PETITION DISMISSED.**