[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14409
Non-Argument Calendar
_____

Agency No. A208-605-620


ANADELI SILVAS RUIZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 22, 2019)

Before ED CARNES, Chief Judge, WILSON, and HULL, Circuit Judges.

PER CURIAM:

Anadeli Silvas Ruiz, a native and citizen of Mexico, seeks review of the

Board of Immigration Appeals' final order affirming the immigration judge's

denial of her application for asylum and withholding of removal.[1]  The immigration judge denied her application on the ground that her testimony at the removal hearing was not credible.  It also denied her application on the grounds that she failed to establish past persecution or a well-founded fear of future persecution, or that any past or feared persecution would be on account of a protected ground.[2]

Ruiz appealed the immigration judge's decision to the Board.  The only issue she raised in her notice of appeal was about the immigration judge's credibility finding.  In her notice of appeal she checked "No" to a question asking whether she "intend[ed] to file a separate written brief . . . after filing" the notice. She did not file a brief with the Board.

The Board issued a final order affirming the immigration judge's denial.  In its order the Board assumed that Ruiz was credible but agreed with the immigration judge that she did not establish past persecution or a well-founded fear of future persecution, or that any past or feared persecution would be on

---

[1] Ruiz included four of her children as riders on her asylum application.  See 8 U.S.C. § 1158(b)(3)(A).

[2] To establish asylum eligibility an "alien must, with credible evidence, establish (1) past persecution on account of a protected ground, or (2) a well-founded fear that a protected ground will cause future persecution."  Sama v. U.S. Att'y Gen., 887 F.3d 1225, 1231 (11th Cir. 2018) (quotation marks, brackets, and ellipses omitted).

account of a protected ground.  Ruiz seeks review of the Board's order, contending that she has been and will be persecuted on account of a protected ground.

We are "under a duty to review [our] jurisdiction of an appeal at any point in the appellate process and we review our subject matter jurisdiction de novo." Jara v. Núñez, 878 F.3d 1268, 1271 (11th Cir. 2018) (quotation marks, citations, and brackets omitted).  We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  As a result, we lack jurisdiction to consider claims that an alien raises for the first time on appeal.  Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003) ("[W]e lack jurisdiction to consider claims that have not been raised before the BIA.").  This exhaustion requirement applies to claims that the Board chooses to consider sua sponte.  Indrawati v. U.S. Att'y Gen., 779 F.3d 1284, 1298 n.19 (11th Cir. 2015) ("[T]he [Board's] sua sponte consideration of a claim does not result in exhaustion.") (citing Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006)).  That is because the requirement both "ensures the agency has had a full opportunity to consider a petitioner's claims" and "allow[s] the [Board] to compile a record which is adequate for judicial review." Amaya-Artunduaga, 463 F.3d at 1250 (quotation marks omitted).

We lack jurisdiction to consider Ruiz's petition for review.  In the notice of appeal she filed with the Board, Ruiz challenged only the immigration judge's

3

credibility determination.  She did not challenge, as she now does, the immigration judge's other findings that she failed to establish past persecution or a well-founded fear of future persecution, or that any past or feared persecution would be on account of a protected ground.  Because Ruiz failed to raise those claims before the Board, we lack jurisdiction to review them.  Id. at 1250.[3]  The Board's sua sponte consideration of those claims does not vest us with jurisdiction.  Id. at 1250–51.

    **PETITION DISMISSED.**

---

[3] For the same reason, we lack jurisdiction to review the Board's affirmance of the immigration judge's finding that Ruiz was not entitled to relief under the Convention Against Torture.