[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14202
Non-Argument Calendar

_____

Agency No. A216-265-738

SUKHVIR SINGH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 2, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and ANDERSON, Circuit
Judges.

PER CURIAM:

Sukhvir Singh, a native and citizen of India, petitions *pro se* for review of an order affirming the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b), 1231(b)(3). Initially, the immigration judge held an evidentiary hearing and denied Singh's applications, but the Board of Immigration Appeals remanded for the immigration judge "to further address Singh's credibility in light of his corroborating evidence." On remand, the immigration judge considered the newest country report with the existing record and again denied Singh's applications. The immigration judge found that Singh was not credible and that his remaining evidence failed to establish his eligibility for immigration relief. We deny Singh's petition.

To the extent the Board adopted the reasoning of the immigration judge, we also review his decision. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 947–48 (11th Cir. 2010). We apply "a highly deferential" test to determine whether the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (quoting *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001)). Under that test, we view the evidence in the light most favorable to the decision and draw all reasonable inferences in favor of it. *Id.* We cannot disturb a factual

2

finding unless "the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Id.* (quoting *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc)).

Substantial evidence supports the finding that Singh was not credible, and the Board and immigration judge provided specific, cogent reasons to support that finding. *See id.* Singh based his claim of persecution on his membership in the Shiromani Akali Dal Amritsar Party and two incidents involving the rival Bharatiya Janata Party, but his written application, testimony, and corroborating evidence contained inconsistencies about the treatment of his parents. Although affidavits from his mother, the head of his village, and a priest stated that members of the Bharatiya Party and police officers killed Singh's father because of his involvement in the Akali Dal party, Singh never mentioned that his father's death was politically motivated. The Board reasonably found that the inconsistency "significantly undercut [Singh's] credibility" because he had "alleged that he and his father were both active in the same political party" and his application asked whether any family members had experienced past harm or mistreatment. Singh was asked during the removal hearing if he knew anyone else who had been maltreated by the Bharatiya Party and he responded that he had "heard of other people being persecuted like this, although I don't know them personally." Singh

3

also testified that members of the Bharatiya Party had "been to the house two or three times to threaten" his family and had threatened his mother in December 2017 and February 2018, but neither Singh's application nor his mother's affidavit mentioned that she had been threatened. Singh's mother described Singh's two encounters with the Bharatiya Party and two later inquiries about his whereabouts. When asked why his mother's affidavit failed to "reference any time that she or [his] other family members were threatened," Singh answered only that she had stated "in June of 2017 she was threatened." And Singh failed to account for why his mother's affidavit stated that "the BJP men . . . threatened . . . [to] kill him." Singh fails to explain how this record would compel a reasonable fact finder to credit his testimony and grant him relief. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

Singh has abandoned any challenge that he could have made to the finding of the Board that no "evidence of record . . . independently establish[ed] his eligibility for asylum, withholding of removal, or protection under the Convention Against Torture in the absence of credible testimony." When a petitioner "fails to offer argument on an issue, that issue is abandoned." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Singh argues only that, "[t]aking his testimony as true, he establishe[d]" he suffered past persecution and has a well-

founded fear of future persecution. Because Singh does not argue that the remaining evidence would entitle him to relief, he has abandoned that issue.

Singh also argues that he "established a pattern or practice of persecution of similarly-situated individuals, associated with the Akali Dal" Party to support his claim of a well-founded fear of future persecution, but we lack jurisdiction to review that argument. "[T]he rules are clear: before proceeding to federal court, an alien must exhaust his or her administrative remedies." *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (quoting *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003)). Singh did not present his argument about a pattern or practice to the immigration judge or meaningfully discuss the issue in his appeal to the Board. Because Singh "without excuse or exception, failed to [exhaust] his claim . . ., we lack jurisdiction to consider it under the clear dictates of circuit precedent." *Id.*

We **DENY** Singh's petition for review.